PER CURIAM.
This matter comes before us on application for mandamus of the defendant, Steven J. Charia, who was cast in a judgment rendered against him in the First City Court of New Orleans. He seeks to compel the granting of a suspensive appeal which was refused by the Judge of the First City Court on the ground that application for the suspensive appeal was not made within the time fixed by law.
Relator bases his application for mandamus on the statement that he did not receive notice of the judgment which was rendered and that, where judgment is rendered after a matter has been taken under advisement, notice is required by LSA-R.S. 13:3344. The statutory provision referred to reads as follows:
“In all matters, submitted to district judges and judges of the city courts, for they: decision and taken under advisement by them, the clerk of the court immediately upon the entry of an order or judgment, shall issue and serve a notice of the entry, by mail, to all the parties to the suit, through their attorneys of record, or on the parties, if not represented by attorneys; and he shall make a note in the docket of the mailing. Where orders or judgment are rendered as aforesaid, the parties shall have ten days, and the delay shall begin to run from the time of the aforesaid mailing, within which to take any action or file any pleadings they deem necessary, or in compliance with the order or judgment of the court, except that the delays provided under existing laws to take appeals, apply for new trials and rehearings shall not be changed.”
We issued an order to show cause why the suspensive appeal should not be granted.
In response to the order to show cause the respondent Judge under oath states that the attorney for the defendant who seeks the suspensive appeal was well aware that the judgment had been rendered and spoke to the minute clerk on several occasions and did not apply for a suspensive appeal until after he had been informed of the application for a writ of fieri facias, and that therefore the respondent Judge refused to sign the order for appeal which had been delayed for such a long time.
In a motion to dismiss the application for mandamus counsel for the plaintiff, under affidavit, states that in applying for the writ of mandamus the applicant, relator, did not comply with the rules of this Court in that he did not give notice of intention to apply for writ of mandamus by delivery or by mail to the Judge whose order was complained of.
The pertinent portion of this rule reads as follows:
“A petition for a writ of certiorari, prohibition, or mandamus, or for any remedial writ, or rule nisi, must be verified by the affidavit of the petitioner or his attorney, and must be accompanied by a copy of (1) the order or ruling complained of, if it be a written order or ruling, (2) the judge’s reasons for his order or ruling, if he gave written reasons, and (3) the pleadings on which the order or ruling was founded. Before the petition is presented to the *84 Court, a copy of the petition must be delivered or mailed to the judge whose order or ruling is complained of, or to any other officer whose action is complained of, and to the adverse party or parties to the proceeding, or to his or their attorney of record, in order that the judge or other officer, or the adverse party or parties, may submit immediately any reason that he or they may have to urge in opposition to the petition. The fact that such delivery or service of a copy of the petition has been made and the method of the delivery or service must be verified by the certificate of the petitioner or of his attorney.”
Because of the statement of the Judge that the defendant had notice of the rendition of the judgment and because of the failure of the applicant to comply with the Rule XVI of this Court, the application of the defendant is denied.
Alternative writs recalled.